**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARK A. RICKETT,
ADC #121301**                                                                                    **PLAINTIFF**

**V.**                 **CASE NO. 5:17-CV-00131 KGB/BD**

**KENDRIC AVERY, et al.**                                                  **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Discussion:**

    A.     Background

Plaintiff Mark A. Rickett, an inmate housed at the Cummins Unit of the Arkansas Department of Correction ("ADC") filed this civil rights lawsuit without the help of a

lawyer. (Docket entry #1) Mr. Rickett brings excessive-force claims against Defendants Kendric Avery and Charles Crawford. (#2)

Defendants have moved for summary judgment on the issue of exhaustion, arguing that Mr. Rickett failed to fully exhaust any grievances concerning allegations of excessive force against them. (#8) Mr. Rickett has not responded, and the time for doing so has passed.

B.     Exhaustion

The Prison Litigation Reform Act requires federal courts to dismiss any claim raised that was not fully exhausted prior to the filing of a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

C.  Discussion

At that time of the incident giving rise to this lawsuit, Mr. Rickett was in ADC custody, and the inmate Grievance Policy Procedure Administrative Directive 14-16 was in effect. (#10-1, p.1) Under the ADC Grievance Policy, an inmate who believes he or she has been wronged must file an informal resolution within fifteen days of the alleged incident. (#10-1, p.5) The inmate has three working days after receiving a response to the informal resolution to file a formal grievance. (#10-1, p.8) The inmate should receive a response to the formal grievance from the warden or his designee within twenty working days. (#10-1, p.10) The inmate may then move to the next step in the process and appeal to the deputy director. The appeal to the deputy director must be made within five working days. (#10-1, p.10-11) "To complete the appeal, the inmate must state a reason for disagreeing. . . ." (#10-1, p.11)

Mr. Rickett alleges that on January 11, 2017, Defendants used excessive force against him. (#2) On January 20, 2017, he filed an informal resolution stating his allegations (CU-17-00203). (#10-2, p.1) On January 21, 2017, Mr. Rickett received a response to his informal resolution. (#10-2, p.1) On January 24, 2017, he filled out a formal grievance, but the form was not received until February 9, 2017.[1] (#10-2, p.1) The grievance was rejected as untimely on February 10, 2017. (#10-2, p.2 & 5). Mr. Rickett appealed the rejection on February 13, 2017. (#10-2, p.5) However, the appeal was

---

[1] There is no explanation as to why there was such a lapse in time between Mr. Rickett filling out step 2 and when the form was received.

rejected on February 22, 2017, because Mr. Rickett failed to give a reason for his appeal. (#10-2, p.4)

Mr. Rickett failed to fully exhaust grievance CU-17-00203 both because his formal grievance was untimely received and because his appeal to the deputy director did not state a reason for the appeal. According to the affidavit of Barbara Williams, Mr. Rickett did not exhaust grievance CU-17-00203 or any other grievance relating to the Defendants' role in the January 11, 2017 incident. (#10-3) Accordingly, his lawsuit must be dismissed.

### III.   Conclusion:

The Court recommends that Defendants' motion for summary judgment (#8) be GRANTED. Mr. Rickett's claims against Defendants should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 19th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE